## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| MELISSA GUTIERREZ | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| v. | ) | Case No.: 6:20-cv-244 |
| | ) | |
| VIRTUOSO SOURCING GROUP, LLC | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Melissa Gutierrez, by and through the undersigned counsel, and for her Complaint against Defendant, Virtuoso Sourcing Group, LLC under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") states as follows:

### JURISDICTION

1.      This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2.      Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3.      Plaintiff resides in the city of Tyler, a part of Smith County, Texas, 75702.

4.      The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Tyler, a part of Smith County, Texas 75702, making the Tyler Division a proper venue under 28 U.S. Code § 1391(b)(2).

5.      Defendant, a Colorado corporation headquartered in Denver, Colorado, practices as a debt collector throughout the country, including Texas.

6.      Defendant attempts to collect alleged debts throughout the state of Texas, including in Tyler city and Smith county.

7.    Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

8.    Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Tyler city and Smith county and Defendant attempts to collect alleged debts throughout the state of Texas.

9.    Defendant knowingly attempted to collect on a debt allegedly incurred in Tyler, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

10.    Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

11.    Defendant's collection activities violated the FDCPA.

12.    Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

13.    "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently

concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

14.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

15.     Plaintiff, Melissa Gutierrez (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas.

16.     Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

17.     Defendant Virtuoso Sourcing Group, LLC is a Colorado corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 4500 Cherry Creek Drive South, Denver, Colorado 80264.

18.     Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

19.     Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

20.     VSG is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

21.     VSG regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

22.     Defendant VSG is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

23.     Trans Union, LLC is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Trans Union, LLC regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTUAL ALLEGATIONS

24.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than VSG.

25.     Upon information and belief, on a date better known by VSG, VSG began to attempt to collect an alleged consumer debt from the Plaintiff.

26.     On or about May 8, 2019, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

27.     The alleged debt was said to be owed for utilities at a residence and would therefore only have been incurred for household purposes.

28.     The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

29.     The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.     During the telephone call, Plaintiff informed Defendant's representative she was disputing the alleged debt.

31.     At that time, Defendant said she would put the account on hold for thirty days so Plaintiff could "prove" her dispute.

32.    Plaintiff is under no obligation to invalidate an account, rather it is the duty of Defendant to validate an alleged debt before attempting to continue collections.

33.    Defendant's representative then asked for the verbal reason for a dispute.

34.    Plaintiff explained again that she wanted to dispute the alleged debt.

35.    Defendant's representative then said that she would hold the account for thirty days so Plaintiff could fax or mail something in showing why she was disputing the alleged debt.

36.    Plaintiff is entitled to dispute the alleged debt for any reason, or even no reason at all. Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999).

37.    It is well settled that § 1692 does not impose a writing requirement on a consumer. See, Register v. Reiner, Reiner & Bendett, P.C., 488 F.Supp.2d 143 (D.Conn. 2007), Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, 464 F.Supp.2d 720 (N.D. Ohio 2006), Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273 (S.D.Fla. 2006), Turner v. Shenandoah Legal Group, P.C., No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), Vega v. Credit Bureau Enters., No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005), Nasca v. GC Servs. Ltd. P'ship, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002), Sambor v. Omnia Credit Servs., Inc., 183 F.Supp.2d 1234 (D.Haw. 2002), Sanchez v. Robert E. Weiss, Inc., 173 F.Supp.2d 1029 (N.D. Cal. 2001), Castro v. ARS Nat'l Servs., Inc., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Ong v. Am. Collections Enter., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999), Reed v.

Smith, Smith & Smith, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995), Harvey v. United Adjusters, 509 F.Supp.1218 (D.Or. 1981), Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. Matter of Sommersdorf., 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.), See, Rosado v. Taylor., 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties. 2 Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002), Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004).

38.    Defendant's representative then stated that if Plaintiff could provide "sufficient proof" then the account would be pulled.

39.    Again, Defendant's representative is not allowed to require Plaintiff to prove that a debt is incorrect.

40.    Defendant's representative told plaintiff several more times that Defendant would require proof.

41.    Additionally, Defendant's representative told Plaintiff that she could dispute with the credit bureaus.

42.    Plaintiff is absolutely not required to effectuate her dispute with an outside party. Rather, Plaintiff is entitled to dispute the alleged debt directly with the third-party debt collector, in this case, Defendant.

43.     Furthermore, once Plaintiff disputed the debt, Defendant was required to mark the account as disputed if it chose to voluntarily report to the Credit Reporting Agencies, specifically Trans Union, LLC.

44.     VSG was voluntarily reporting a collection account on Plaintiff's credit report with the credit reporting agencies.

45.     VSG's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

46.     VSG admitted that Plaintiff had previously disputed the account. This dispute, though, was not being reported on Plaintiff's credit report.

47.     On or about October 15, 2019, Plaintiff received an updated credit file from Trans Union, LLC. **Exhibit A.**

48.     That the credit report was updated on July 16, 2019 by VSG.

49.     That the updated July 2019 credit report did not contain updated account information.

50.     That the updated July 2019 credit report did not contain updated marked as disputed information.

51.     That VSG furnished information to Trans Union, LLC regarding Plaintiff's account without notifying them the account had been disputed by consumer.

52.     That VSG failed to update the account information and mark the account as disputed on the updated July 2019 credit report after Plaintiff disputed the account in May 2019.

53.     Upon information and belief, that VSG never updated the account information and never marked it as disputed even after receiving information of the dispute.

54.     All of VSG's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

55.     All of VSG's actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

56.     Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the VSG.

57.     Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by VSG.

58.     Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by VSG.

59.     Plaintiff has suffered actual harm based on her costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

60.     Plaintiff's injury-in-fact is fairly traceable to the challenged representations of VSG.

61.     Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

**Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions**

62.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

63.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

64.     Because Plaintiff disputed the debt, VSG, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine

fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

65.     VSG used deceptive and misleading tactics when it communicated personal credit information which was known or which should have been known to be false, including the failure to communicate the debt was disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

66.     VSG's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

67.     VSG violated the Plaintiff's right not to be the target of misleading debt collection communications.

68.     VSG violated the Plaintiff's right to a truthful and fair debt collection process.

69.    VSG's communications with Plaintiff were deceptive and misleading.

70.    VSG used unfair and unconscionable means to attempt to collect the alleged debt.

71.    VSG's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to VSG's collection efforts.

72.    VSG's failure to mark a debt as disputed it knows or should know is disputed violates § 1692e, 1692e(8) of the FDCPA.

73.    VSG's conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding her situation.

74.    Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

75.    Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of VSG's conduct.

76.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. VSG's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

77.    Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

78.    Defendant VSG's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Melissa Gutierrez, prays that this Court:

A.    Declare that VSG's debt collection actions violate the FDCPA;

B.    Enter judgment in favor of Plaintiff Melissa Gutierrez, and against VSG, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.    Grant other such further relief as deemed just and proper.

### Count II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse

79.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

80.    Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

81.    VSG's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

82.    VSG attempted to coerce Plaintiff into paying an alleged debt she otherwise would not have paid by submitting false and inaccurate information to her credit report.

83.    VSG could have no other purpose in doing this except to harm Plaintiff's reputation and deprive her of her ability to receive any type of credit line unless she paid the alleged debts.

84.    Defendant VSG's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Melissa Gutierrez, prays that this Court:

    A.    Declare that VSG's debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Plaintiff Melissa Gutierrez, and against VSG, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

### COUNT III: Violations Of § 1692f Of The FDCPA – Misleading Representations & Unfair Practices

85.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

86.    Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

87.    VSG attempted to collect a debt by distributing false information that would negatively impact Plaintiff's rights as a consumer, as well as that would harm Plaintiff's financial health.

88.    VSG used unfair and unconscionable means to attempt to collect the alleged debt.

89.    VSG's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Melissa Gutierrez, prays that this Court:

    A.    Declare that VSG's debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Plaintiff Melissa Gutierrez, and against VSG, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

### Count IV: Violation Of 15 U.S.C. § 1681s-2(B) of the FCRA- Duties of Furnishers of Information upon Notice of Dispute

90.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

91.     Defendant VSG violated 15 U.S.C. § 1681s-2(b) by continuing to report the VSG representation within Plaintiff's credit file with Trans Union, LLC without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the VSG representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the VSG representations to the consumer reporting agencies.

92.     As a result of this conduct, action and inaction of VSG, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

93.     Defendant VSG's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

94.     Plaintiff is entitled to recover costs and attorney's fees from VSG in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Melissa Gutierrez, prays that this Court:

A.     Declare that VSG's credit reporting actions violate the FCRA;

B.     Enter judgment in favor of Plaintiff Melissa Gutierrez, and against VSG, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C.      Or, in the alternative, enter judgment in favor of Plaintiff Melissa Gutierrez, and against VSG, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D.      Grant other such further relief as deemed just and proper.

## **JURY DEMAND**

95.     Plaintiff demands a trial by jury on all Counts so triable.


Dated: May 8, 2020


                                        Respectfully Submitted,

                                        **HALVORSEN KLOTE**


By:     /s/ Samantha J. Orlowski

                                        Samantha J. Orlowski, #72058
                                        Joel S. Halvorsen, #67032
                                        Halvorsen Klote
                                        680 Craig Road, Suite 104
                                        St. Louis, MO  63141
                                        P: (314) 451-1314
                                        F: (314) 787-4323
                                        sam@hklawstl.com
                                        joel@hklawstl.com
                                        *Attorney for Plaintiff*